## THE STATE v. McGEE.

**Highway**: OBSTRUCTION OF: EVIDENCE. When a part of a properly laid out highway was not used on account of natural obstructions, and another line was established by prescription, crossing the other at one or more places: *Held*, that proof of the existence of the natural obstructions would not justify the owner of the adjacent land in fencing the traveled road, whether established by prescription or the county.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 15.

THE defendant was indicted and convicted of obstructing a highway, and appeals to this court. The facts of the case involved in the points ruled appear in the opinion.

*H. T. McNulty*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—There was evidence tending to establish that a road, through defendant's land, had been laid out fifteen or eighteen years prior to the act charged in the indictment, and that during this time the public had used a road through the same land which did not conform to the course of the established highway, varying from it many rods, but crossing it at one or more places. The defendant fenced up his land, inclosing both the traveled and laid out track. The court, upon the trial, refused to admit evidence offered by defendant tending to prove that the established road was laid out through timber, which has always rendered travel upon it impossible.

An instruction based upon this fact was refused. These rulings are assigned for error.

I. Proper instructions, which are not complained of here, were given to the jury upon the doctrines of dedication and

<span style="font-variant: small-caps;">HIGHWAY:</span> obstruction of: evidence. prescription, and also upon the evidence and the questions arising thereon tending to show that the road had been established by legal proceedings. As we understand the record, it was not claimed that the road was used throughout its whole course upon the line established by the surveyor. The fencing of defendant's land obstructed the road throughout its whole course over defendant's land. If any part of the road was established by prescription, it was obstructed by the inclosure. The fact that the laid out line was covered with timber, did not release defendant of the charge of obstructing the traveled track, which was used under the clause of prescription. So if a part of the established line was traveled and the rest of it obstructed by trees, the defendant would not be excused thereby for obstructing the part traveled. The evidence, therefore, offered by the defendant, was not competent and was rightly excluded. The instruction asked by defendant, for the same reason, was correctly refused.

II. It is insisted that the verdict is not supported by the evidence. We are of the opinion that it is fully warranted by the proof.

No other questions are raised by defendant's counsel. We have, however, as we are required to do in cases of this character, examined the whole record and the different rulings of the court, without finding anything which requires the judgment to be disturbed.

AFFIRMED.